IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS | : | 3:CR-02-282 |
| | : | 3:CV-05-573 |
| | : | |
| JUAN HERNANDEZ | : | (CHIEF JUDGE VANASKIE) |

## MEMORANDUM

Defendant Juan Hernandez has moved to correct his sentence pursuant to 28 U.S.C. § 2255. Defendant contends that his sentence was imposed in violation of the Sixth Amendment rights recognized in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Defendant's reliance upon Blakely and Booker is misplaced because these rulings cannot be retroactively applied on collateral review. Moreover, Defendant procedurally defaulted any Sixth Amendment challenge to his sentence because he did not raise such a claim on direct review and he cannot show prejudice as a result of the failure to raise the matter earlier. Therefore, Defendant is not entitled to relief under § 2255.

I.   BACKGROUND

Defendant is a citizen of the Dominican Republic. On July 21, 2003, he pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846, as well as three separate counts of distribution of crack cocaine, in violation of

18 U.S.C. § 841(a)(1).[1]  (Tr. of Change of Plea at 40.)  At the plea hearing the Government amended the indictment to delete the reference to a specific amount of crack cocaine, thereby limiting the maximum term of imprisonment on each count to twenty (20) years.  See 21 U.S.C. §§ 841(b)(1)(C).

The Presentence Investigation Report calculated Defendant's total offense level at 26 based on the Government's assertion that the conspiracy involved at least 5 grams of crack cocaine.  Defendant did not object to the fact that he was attributed with at least 5 grams of cocaine base, and there was ample evidence referenced in the report to support the conclusion.  Defendant, however, did object to the recommendation in the Presentence Investigation Report that Defendant should not receive a downward adjustment in offense level for acceptance of responsibility and that Defendant did not qualify for a two-level reduction under the safety valve provisions of 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2(a)(5).  Defendant's objections were overruled.

Based on a total offense level of 26 and a criminal history category of I, the guideline imprisonment range was 63 to 78 months.  Defendant was sentenced to a prison term of 72 months on April 15, 2004.  (Dkt. Entry 86.)  Defendant did not appeal his sentence.

On March 22, 2005, Defendant moved pursuant to 28 U.S.C. § 2255 to challenge his sentence.  (Dkt. Entry 97.)  The matter is before the Court pursuant to Rule 4 of the Rules

---

[1] Defendant plead guilty to the four counts without the benefit of a plea agreement.  The plea was entered on the date that jury selection was to have occurred.

Governing Section 2255 Proceedings for the United States District Courts to determine whether the Government should be ordered to respond.[2] The issue before the Court at this stage of the proceedings is whether "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255 unnumbered ¶ 2, thereby obviating a response from the government. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .").

## II.    DISCUSSION

Defendant asserts that his sentence was imposed in violation of the Sixth Amendment rights recognized in Blakely and Booker. Essentially, he contends that all factual findings that resulted in the determination of his offense level should have been made by a jury, even those that concerned the matter of acceptance of responsibility and whether he played a minor role in the offense. (Br. in Supp. of Mot. to Vacate, Dkt. Entry 98, at 6.)

Defendant cannot invoke either the Booker or Blakely holdings. Defendant was sentenced on April 13, 2004, prior to the Supreme Court's ruling in Blakely, on June 24, 2004,

---

[2] On March 23, 2005, this Court issued a "Miller/Mason Order," see United States v. Miller, 197 F.3d 644 (3d Cir. 1999), Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), indicating that the § 2255 motion would be ruled on as submitted unless Defendant took certain specified actions. Defendant did not respond to the Miller/Mason Order, thus making it appropriate to rule on the motion as presented.

and Booker, on January 12, 2005.  Neither Blakely nor Booker apply retroactively to cases on collateral review where, as here, the judgment was final before January 12, 2005.  See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005.).  Therefore, Defendant cannot bring a § 2255 claim on the basis of Blakely or Booker.

Even had Defendant premised his challenge on Apprendi v. New Jersey, 530 U.S. 466 (2000), dismissal of his § 2255 motion would be warranted.  Though Apprendi does not apply retroactively, see United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003), Defendant could have invoked Apprendi because it was decided before his sentencing.  Defendant's failure to pursue a direct appeal from his sentence, however, now precludes consideration of an Apprendi claim in Defendant's collateral challenge to his sentence.

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003).  See United States v. Frady, 456 U.S. 152, 167-168 (1982) (holding that procedural default rules developed in habeas corpus cases apply in § 2255 proceedings).  "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  Massaro, 538 U.S. at 504.  Because an Apprendi-based claim was available at the time Defendant was sentenced, the failure to raise it on direct appeal

4

implicates the procedural default rule of Frady, requiring Defendant to show both justifiable cause for the failure to present the issue and prejudice. See United States v. Alanis, 88 Fed. Appx. 15, 23 (5th Cir. 2004); United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003); United States v. Jenkins, 333 F.3d 151, 154-55 (3d Cir. 2003), cert. denied, 540 U.S. 932 (2003) (failure to raise Apprendi claim before judgment of conviction became final warrants application of Frady procedural default rule).

There is no need to consider at this point the "cause" prong of the two-part rule because Defendant cannot demonstrate "prejudice" to warrant a review of his procedurally defaulted claim. To show prejudice, Defendant must show not merely that there were errors that created a possibility of prejudice, but that those errors "worked to his actual and substantial disadvantage. . . ." Frady, 456 U.S. at 170.

Under Apprendi, a sentence may be unconstitutional if it exceeds the maximum sentence permissible based on admitted facts. See Apprendi, 530 U.S. at 483. A judge has discretion in imposing a judgment within the range prescribed by statute. Id. at 481-82; see also United States v. Sanchez, 53 Fed. Appx. 208, 210-11 (3d Cir. 2002)("nothing in Apprendi restricts a judge's ability to exercise his or her discretion in imposing a sentence within the range prescribed by statute"); United States v. Williams, 235 F.3d 858, 863-64 (3d Cir. 2000). Based upon the facts admitted by Defendant, he was exposed to a statutory maximum of 20 years and a Sentencing Guidelines maximum term of 78 months. Defendant's sentence was

within both the statutory and guidelines maximum terms. Accordingly, his sentence is constitutional under Apprendi, and he cannot show that he was prejudiced by the failure to present this claim. United States v. Johnson, 302 F.3d 139, 155, 155 n.14 (3d Cir. 2002) (Apprendi "irrelevant" where defendant was sentenced to prison term within maximum prescribed by law). Therefore, Defendant would not be entitled to pursue an Apprendi claim.

## III.     CONCLUSION

Defendant's motion for collateral review of his sentence is patently without merit. Accordingly, his motion to correct his sentence under 28 U.S.C. § 2255 will be denied without requiring a response from the government. An appropriate Order follows.

>                                  s/ Thomas I. Vanaskie
>                                  Thomas I. Vanaskie, Chief Judge
>                                  Middle District of Pennsylvania

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS | : | 3:CR-02-282 |
| | : | 3:CV-05-573 |
| | : | |
| JUAN HERNANDEZ | : | (CHIEF JUDGE VANASKIE) |

### O R D E R

**NOW, THIS 29th DAY OF NOVEMBER, 2005,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion under 28 U.S.C. § 2255 (Dkt. Entry 97) is **DENIED**.

2. The Clerk of Court is directed to mark this matter and the related civil matter (3:CV-05-573) **CLOSED**.

3. There is no basis for issuance of a certificate of appealability.

                                                           **s/ Thomas I. Vanaskie**
                                                           Thomas I. Vanaskie, Chief Judge
                                                           Middle District of Pennsylvania